**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9127 FMO (AFMx) | Date | February 4, 2020 |
|---|---|---|---|
| Title | Veronica Mathias v. Hill Up, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal Re: Lack of Prosecution

By order dated November 26, 2019, plaintiff Veronica Mathias ("plaintiff") was ordered to show cause, on or before December 3, 2019, why this action should not be dismissed for lack of prosecution. (See Dkt. 10, Court's Order of November 26, 2019). The order stated that the Order to Show Cause would "stand submitted upon the filing of" either an answer by defendant Hill Up, LLC ("defendant") or an application for entry of default by plaintiff. (See id.). Plaintiff was admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court." (See id.).

On November 27, 2019, plaintiff filed an application for entry of default. (See Dkt. 11, Request for Entry of Default). Subsequently, on December 3, 2019, the clerk entered a Notice of Deficiency Re: Plaintiff's Request for Entry of Default, noting that the proof of service lacked the required information. (See Dkt. 13, Notice of Deficiency Default/Default Judgment). After plaintiff failed to cure the deficiency, the court issued a further order to show cause. (See Dkt. 14, Court's Order of December 13, 2019 ("OSC")). Plaintiff filed a response to the OSC and the parties filed a stipulation permitting defendant to file a responsive pleading by January 20, 2020. (See Dkt. 15, Declaration of Timothy G. McFarlin; Dkt. 16, Stipulation to Extend Time). As of the filing date of this Order, defendant has not filed a responsive pleading. (See, generally, Dkt.). Nor has plaintiff filed a renewed application for entry of default. (See, generally, Dkt.).

The court will provide plaintiff one final opportunity to file a compliant application for entry of default. Accordingly, IT IS ORDERED THAT:

1. Plaintiff shall file an application for entry of default that complies with all relevant rules and procedures no later than **February 7, 2020**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9127 FMO (AFMx) | Date | February 4, 2020 |
|---|---|---|---|
| Title | Veronica Mathias v. Hill Up, LLC, et al. | | |

    2. Plaintiff is cautioned that failure to file an application for entry of default by the deadline set forth above will result in the dismissal of this action without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

                                                    Initials of Preparer      vdr